UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARISSA WOODSON,

    Plaintiff,                                Case No. 2:17-cv-10704

v.                                        HONORABLE STEPHEN J. MURPHY, III

HOLIDAY INN EXPRESS,

    Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS [25] AND FINDNG DEFENDANT'S MOTION TO ADJOURN [27] MOOT**

      Plaintiff Clarissa Woodson filed the Complaint, pro se, on March 6, 2017. She alleges that she was the victim of harassment and discrimination on the basis of her age and race while employed by Defendant Holiday Inn Express. She asserts that she filed a complaint with the EEOC prior to initiating this suit and received her right-to-sue letter on December 5, 2016. ECF 1, PgID 7. Through previous orders, the Court directed Woodson to provide a copy of the letter, ECF 5, 10. Woodson failed to do so and contended that she "was told [the letter] was provided in the documents written when [she] filed the case[.]" ECF 11, PgID 26. At that time, the lack of letter merely impeded Woodson's ability to serve Defendant, so the Court permitted service by the Marshals notwithstanding the letter's absence. ECF 12.

      After service, Defendant filed an answer and the Court set a scheduling conference. At the conference, the Court's staff informed Woodson that it still was not in receipt of her right to sue letter and Defendant disclosed that it intended to file a dispositive motion within the next month. Defendant subsequently filed a motion for

judgment on the pleadings under Rule 12(c) on February 28, 2018. Plaintiff failed to file a response and her time to do so has now lapsed. *See* E.D. Mich. LR 7.1(e)(1). The Court now takes up the motion.

Plaintiff brings her claim under Title VII and the Age Discrimination in Employment Act.[1] Both acts require a claimant to timely file a charge of discrimination with the EEOC to recover. *See Williams v. Michigan*, 52 F. App'x 723, 724 (6th Cir. 2002). Defendant argues that the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(c) because receipt of a right-to-sue letter "is a prerequisite to filing suit." ECF 25, PgID 93 (citing *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481,1488 (6th Cir. 1989)). Defendant is correct, but the Sixth Circuit has made clear that receipt of a right-to-sue letter is a condition precedent, rather than a jurisdictional requirement. To be clear: the Court did not and has not received a copy of the right-to-sue letter. But Plaintiff has pleaded that she received the letter, and on a date that would make her Complaint timely, so judgment on the pleadings for failure to provide the letter to date would be premature.

Defendant also makes the separate argument that the case should be dismissed because Plaintiff's claims fail to allege sufficient facts to support the claims. The Court will grant the motion on those grounds.

**LEGAL STANDARD**

When reviewing a motion for judgment on the pleadings brought pursuant to Rule 12(c), the Court must take all well-pleaded material allegations of the opposing party as

---

[1] In her form complaint, Woodson also checked the box for "Other Federal law *(specify, if known)*" but below it, wrote only "Harassment." That theory fails to state a claim, so the Court will dismiss it, to the extent it is a raised claim.

2

true. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The motion is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Id.* (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). Judgment on the pleadings may be appropriately granted when the facts alleged by the plaintiff fail to meet the specificity requirements of Rule 8(a). *Tucker*, 539 F.3d at 550.

**DISCUSSION**

I. <u>The Title VII Claim</u>

Title VII claims like Plaintiff's are evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the framework, a plaintiff must "initially establish a prima facie case of a racially hostile work environment based on coworkers' conduct" by making five showings:

(1) Plaintiff is a member of a protected class;
(2) Plaintiff was subjected to unwelcome racial harassment;
(3) The harassment complained of was based on race;
(4) The harassment unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and
(5) Defendant is liable for the creation of that environment.

*Lovelace v. BP Prod. N. Am., Inc.*, 252 F. App'x 33, 39 (6th Cir. 2007) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir.1999)). The Court evaluates the alleged harassment based on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offense utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). And the conduct "must be extreme to amount to a change in the terms and conditions of

3

employment," so "simple teasing, . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

The Complaint's allegations are sparse. Woodson alleges that on May 15, 2016, "a caucasian male" followed her into a room she was cleaning and "stood in the room to watch TV." ECF 1, PgID 6. While she worked, they conversed, and she alleges that during the conversation he "called me a N----R." *Id.* The following day, a desk supervisor allegedly "started repeating references about [Woodson's] age." *Id.* Woodson concludes that "[e]ventually I started feeling harassed on my job." *Id.* No other events are alleged and Woodson explicitly states that the acts upon which she bases her claim occurred on only those two dates. *See id.* at 5.

Two instances, standing alone, are insufficient to establish a prima facie case under Title VII. In light of the limited facts pled in the Complaint, and Woodson's failure to respond to Defendant's motion, the Court will therefore grant judgment in favor of Defendant on the Title VII count.

II. <u>The ADEA Claim</u>

Claims under the ADEA must also establish a prima facie case. Specifically, the plaintiff must show that

>   (1) she was at least 40 years old at the time of the alleged discrimination,
>   (2) she was subjected to an adverse employment action,
>   (3) she was otherwise qualified for the position, and
>   (4) she was rejected and someone outside the protected class was selected.

*Harris v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 594 F.3d 476, 485 (6th Cir. 2010). Woodson failed to plead that she was subject to any adverse employment action,

4

so she has failed to make out a prima facie case. Accordingly, the Court will grant judgment in favor of Defendant on the ADEA claim.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for judgment on the pleadings [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to adjourn the scheduling order [27] is **MOOT**.

This is a final order and closes the case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager